ON SUPERVISORY WRITS TO THE FIRST JUDICIAL DISTRICT COURT, PARISH OF CADDO
PER CURIAM:
| ¶ Denied. The application was not timely filed in the district court, and relator fails to carry his burden to show that an exception applies. La.C.Cr.P. art. 930.8; State ex rel. Glover v. State, 93-2330 (La. 9/5/95), 660 So.2d 1189. We attach hereto and make a part hereof the district court’s written reasons denying relief.
Relator has now fully litigated two applications for post-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated in accord with La. C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The district court is ordered to record a minute entry consistent with this per curiam.
Attachment
I ¡.STATE OF LOUISIANA VERSUS MELVIN L. JOHNSON, JR.
NUMBER: 226,004
FIRST JUDICIAL DISTRICT COURT SADDO PARISH, LOUISIANA
OPINION
The Court has for consideration the Petitioner’s Uniform Application for Post-Conviction Relief filed on September 18, 2014. For the reasons stated below the Petitioner’s motion is DENIED.
On August 20, 2003, Petitioner, present with counsel, was found guilty by jury of Armed Robbery. Whereupon, Petitioner was adjudicated a third felony habitual offender and sentenced to life imprisonment at hard labor and committed to the *519 Louisiana Department of Corrections, subject to the conditions provided by law. The Court ordered said sentence served without benefit of probation, parole, or suspension of sentence with credit for time served.
On appeal, the Court of Appeal, Second Circuit affirmed Petitioner’s conviction, but set aside the habitual offender adjudication and remanded to give the State an opportunity to demonstrate the voluntariness of the guilty plea in a predicate offense. State v. Johnson, 38,927 (La.App. 2d Cir. 11/23/04), 887 So.2d 751. On remand, the State abandoned the Petitioner’s Texas robbery plea as a predicate offense. The District Court adjudicated Petitioner a second felony offender on the basis of evidence produced at the original habitual offender hearing and imposed a sentence on February 2, 2005. Petitioner pled guilty to being a second felony habitual offender and was resentenced to be confined at hard labor for a period of seventy (70) years and committed to the Louisiana Department of Corrections, subject to the conditions provided by law. The Court ordered said sentence served without benefit of probation, parole, or suspension of sentence with credit for time served. Further, the Court ordered court costs paid or in default thereof, to serve one (1) day in the parish jail to run concurrently with any other sentence.
Petitioner is now before this Court with a Uniform Application for Post-Conviction Relief. In said application, Petitioner asserts one claim for relief.
According to La. C.Cr.P. Art. 930.8, “no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two (2) years after the judgment of conviction and sentence has become final”, unless certain circumstances exist. None of the considered circumstances exist in the case at bar. In the present case, Petitioner’s sentence and conviction became final on February 2, 2005. The current Motion |awas not filed until September 18, 2014, slightly over nine (9) years later. Due to Petitioner failing to set forth any of the circumstances that would exempt him from the two (2) year time limitation pursuant to Art. 930.8, his Application for Post-Conviction Relief is DENIED.
Louisiana Code of Criminal Procedure article 930.4 D provides, “a successive application may be dismissed if it fails to raise a new or different claim.” The Petitioner claims a Brady violation with regard to the credibility of the evidence presented at trial. However, the Petitioner does not advance such information qualifying as an exception to the two-year time limitation for seeking post-conviction relief. In such, this claim has been addressed and is DENIED due to its repetitive nature.
Therefore, the Petitioner’s Uniform Application for Post-Conviction Relief filed on September 18, 2014 is DENIED.
The Clerk of Court is directed to provide a copy of this Opinion to the Petitioner, his custodian, and the District Attorney.
OPINION RENDERED, READ, AND SIGNED this 6 day of August, 2015.
l§¿ JOHN MOSELY, JR. DISTRICT JUDGE
SERVICE INFORMATION:
Melvin Lynn Johnson, Jr. # 130744
Camp J. Gator 3-Right-10
Louisiana State Prison
General Mail
*520 Angola, Louisiana 70712
Caddo Parish District Attorney’s Office